# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CLAUDE M. BYRD, II, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. CIV-16-396-M |
| | ) | |
| TRACY MCCOLLUM, | ) | |
| | ) | |
| Respondent.[1] | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). United States District Court Judge Vicki Miles-LaGrange has referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has examined the Petition and taken judicial notice of various state court records.[2] After review, the undersigned recommends that the court **DISMISS** the Petition on screening.

## I.   BACKGROUND

On December 4, 2012, Petitioner was convicted in Comanche County District Court. (ECF No. 1:1). The Oklahoma Court of Criminal Appeals affirmed the conviction on April 10, 2014. (ECF No. 1:2). On March 30, 2016, Mr. Byrd filed an Application for

---

[1]   In the Petition, Mr. Byrd named the Attorney General of the State of Oklahoma as a Respondent. (ECF No. 1:1). But the only proper Respondent is Tracy McCollum, the warden at Oklahoma State Reformatory where Mr. Byrd is in custody. *See* 28 U.S.C. § 2254, Rule 2(a).

[2]   *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

Post-Conviction Relief in the Comanche County District Court. (ECF No. 1:4). According to Petitioner, that action is currently pending. (ECF No. 1:5). Petitioner filed his habeas Petition on April 20, 2016. (ECF No. 1:1).

## II. DISMISSAL BASED ON ABSTENTION

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts should not intervene in state criminal prosecutions begun before institution of a federal suit when the state court proceedings are: (1) ongoing, (2) offer an adequate forum for a defendant's federal claims, and (3) implicate important state interests. *Id.* at 43-44; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). "[T]he district court must abstain once the conditions are met, absent extraordinary circumstances." *Weitzel v. Div. of Occupational & Prof'l Licensing of Dep't of Commerce*, 240 F.3d 871, 875 (10th Cir. 2001) (quotation omitted). And, "*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) (citations omitted). Exceptions exist for "bad faith or harassment," prosecution under a statute that is "'flagrantly and patently'" unconstitutional, or other "extraordinary circumstances" involving irreparable injury. *Younger*, 401 U.S. at 46-55 (citation omitted); *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1165 (10th Cir. 1999). But, Petitioner has a "'heavy burden'" of establishing an exception to the *Younger* abstention doctrine. *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citation omitted).

Petitioner alleges, and the Comanche County District Court docket confirms, that Mr. Byrd's Application for Post-Conviction Relief is still pending;[3] thus, Petitioner's state criminal case is ongoing. See *Carbajal v. Hotsenpiller*, 524 Fed. Appx. 425, 428 (10th Cir. 2013) (unpublished op.) (holding that plaintiff's pending application for post-conviction relief satisfied *Younger's* first condition that state criminal proceedings be "ongoing"). Further, Mr. Byrd has not alleged that the state court forum is inadequate. See *id.* (finding that plaintiff "has not demonstrated that the state courts provide an inadequate forum"). And, "'Oklahoma has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.'" *Green v. Whetsel*, 166 Fed. Appx. 375, 376 (10th Cir. 2006) (unpublished op.) (citation omitted). Finally, Mr. Byrd's petition does not allege any bad faith, harassment, or other extraordinary circumstances.

In sum, *Younger* requires the court to abstain while Petitioner's Application for Post-Conviction Relief is pending in state court, and Petitioner has not met the heavy burden to show otherwise. See *Carbajal*, at 428-29 (affirming the district court's dismissal under *Younger* where plaintiff's relevant claims were the subject of a still-pending application for post-conviction relief in state court).

## III. RECOMMENDATION

The undersigned finds that the court should abstain from hearing Petitioner's claims under *Younger* and recommends that the court **DISMISS** the habeas petition without prejudice on screening.

---

[3] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CF-2011-450.

## IV.     NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **May 16, 2016**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## V.      STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on April 28, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE